IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

v.                     **CASE NO. 4:22-CR-00133-BSM**

**JEROME DERON MAY**                                                      **DEFENDANT**
**#560510510**

## ORDER

Jerome May's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. section 2255 [Doc. No. 60] is reserved in part and denied in part. A ruling is reserved on whether May's lawyer was ineffective for failing to file an appeal after being instructed to do so, and an evidentiary hearing will be held on this issue. The remainder of May's motion and a certificate of appealability are denied.

### I. BACKGROUND

Jerome May pleaded guilty to being a felon in possession of a firearm and was sentenced to 144 months imprisonment and three years of supervised release. *See* Doc. Nos. 53 and 57. May now moves to vacate his sentence under 28 U.S.C. section 2255, claiming that his lawyer's performance was ineffective for: (1) failing to object to the designation of his prior second-degree battery convictions as crimes of violence; (2) failing to file an appeal upon request; (3) failing to object to the enhancements to his sentence; and (4) failing to appeal the denial of his motion to suppress. 2255 Mot. at 5–9, Doc. No. 60. May also argues that his Fifth and Sixth Amendment rights were violated because a jury did not determine whether two of his prior convictions were separate offenses for sentencing purposes, as

required by *Erlinger v. United States*, 602 U.S. 821 (2024). *Id*. at 11.

## II. LEGAL STANDARD

A prisoner in custody for a federal sentence may petition the sentencing court to vacate his sentence if: (1) the sentence was imposed in violation of the laws of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief is reserved for "a narrow range of injuries [which] if uncorrected, would result in a complete miscarriage of justice. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Ineffective assistance of counsel claims are governed by the performance and prejudice standards articulated by *Strickland v. Washington*, 466 U.S. 668 (1984). *See Caban v. United States*, 281 F.3d 778, 781 (8th Cir. 2022). To succeed on an ineffective assistance of counsel claim, a petitioner must show that his lawyer's representation was deficient and such deficiency prejudiced his case. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). An ineffective assistance of counsel claim is very difficult to prove. *Id.*

## III. DISCUSSION

May's motion to vacate, set aside, or reverse his sentence is reserved in part and denied in part as follows.

    A.    <u>Ineffective Assistance of Counsel</u>

        *1. Failure to Object to Designation as Career Offender*

May's argument that his lawyer was ineffective because he failed to object to the

designation of his two second-degree battery convictions as crimes of violence under the United States Sentencing Guidelines ("Guidelines") is rejected because this designation was proper. *See United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016) (second-degree battery is crime of violence under the Guidelines). Accordingly, there was no deficient performance or prejudice.

*2. Failure to File an Appeal*

May's argument that his lawyer was ineffective for failing to file an appeal on his behalf is reserved for an evidentiary hearing. May alleges that his lawyer was ineffective because he failed to file an appeal after May expressly asked him to do so. 2255 Mot. at 6. "[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). In response, May's lawyer states that when he met with May after sentencing, May told him he did not want to file an appeal. Resp. ¶ 6, Doc. No. 61. May's lawyer further claims that he instructed May on how to appeal if he changed his mind and informed him of all relevant deadlines. *Id.* The contradictory accounts given by May and his lawyer create a factual dispute that requires an evidentiary hearing to resolve. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("Evidentiary hearings on 28 U.S.C. section 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."); *Whitthar v. United States*, 793 F.3d 920, 923–24 (8th Cir. 2015) (holding that an evidentiary hearing was needed when a defendant claimed that she instructed her attorney to appeal and he failed

to do so). Accordingly, a hearing is necessary to determine whether May instructed his lawyer to file an appeal.

### 3. Failure to Object to Application of Guidelines Enhancement

May's argument that his lawyer was ineffective because he failed to object to his sentence enhancements is rejected because the enhancements were proper and he therefore cannot show deficient performance or prejudice.

### 4. Failure to Appeal Denial of Motion to Suppress

May's argument that his lawyer was ineffective for not appealing the denial of his motion to suppress during the trial is rejected because the denial was not appealable during trial. *See United States v. Valle Cruz*, 452 F.3d 698, 705 (8th Cir. 2006) ("The right of interlocutory appeal from a district court's decision on a motion to suppress is the government's alone."). May's argument that his lawyer's performance was deficient for failing to appeal the denial of his request for a suppression hearing is rejected for the same reason.

B.  *Erlinger* Violation

Finally, May's argument that his Fifth and Sixth Amendment rights were violated because a jury did not determine whether his offenses were committed on separate occassions for enhancement purposes as required under *Erlinger v. United States*, 602 U.S. 821 (2024) is rejected because he waived this argument when he withdrew his objection at sentencing. *See United States v. Jones*, No. 24-1052, 2024 WL 3612344 at *1 (8th Cir. August 1, 2024); *see also United States v. Washington*, 727 Fed. App'x. 779, 780 (4th Cir. 2018) (finding

defendant waived any argument on whether his prior convictions were properly counted as separate offenses for purposes of ACCA enhancement because he withdrew his objection to the issue at sentencing); *United States v. Rodriguez*, 311 F.3d 435, 436–37 (1st Cir. 2002) (finding defendant waived his objection to the predicate offenses supporting his career offender status by withdrawing the objection at sentencing).

## IV. CONCLUSION

For these reasons, a ruling is reserved on whether May's lawyer was ineffective for failing to file an appeal until an evidentiary hearing takes place, and the remainder of May's motion and a certificate of appealability are denied.

IT IS SO ORDERED this 7th day of October, 2025.

_____
UNITED STATES DISTRICT JUDGE